PLAZA PROVISION COMPANY, INC., Plaintiff and Appellee, *v.* JESÚS BENÍTEZ CASTAÑO, substituted by DR. CARLOS M. DE CASTRO, CITY MANAGER, ETC., ET AL., Defendants and Appellants.

No. 7340. Argued March 1, 1937.—Decided April 15, 1937.

*J. Valldejuli* for appellants. *James R. Beverley, R. Castro Fernández, Ryder Patten,* and *José López Baralt* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Appellee requests the dismissal of the appeal taken in this case because the record was filed on June 18, 1936, and the appellants on the date of the filing of the motion—February 11, 1937—had not yet filed the brief which, in accordance with the law, should have been filed since June 28, 1936.

Appellants admitted that they were at fault. They alleged that it was due to the negligence of the employee

in charge of the Term Book in the office of their attorney. They presented their brief and, emphasizing the merits of the same, they objected to the dismissal of the appeal.

In order to exercise properly our discretion, we have examined the brief and we find that the only question involved in the appeal is the jurisdiction of the District Court of San Juan to issue the preliminary writ of injunction it issued to restrain the collection of a certain excise tax imposed by an ordinance of the Government of the Capital.

Appellants maintain that the court lacked authority therefor, in view of the definite legislative provision contained in section 32a of Act No. 99, establishing a special government for the Capital of Puerto Rico (Laws of 1931, p. 626), as amended by Act No. 32 of 1933 (Laws of 1933, p. 254). They cite the decision of this court in the case of *Texas Co. (P. R.), Inc.* v. *Board of Commissioners,* 49 P.R.R. 911.

The Legislature in the above-mentioned provision fixed the payment under protest and a judicial action to recover the amount paid as the only remedy in case of illegal collection of local revenues, taxes, or excises of the Capital, and provided further that in no case should a writ be issued to prevent the collection of said local revenues, taxes, or excises due, or to hinder or delay such collection. If said provision is in full force and effect, we must hold that the appellants are right.

What did this court decide in the case cited?

After examining some decisions which hold that the payment under protest and a judicial action to recover the amount paid without including interest, is not a complete or adequate remedy precluding a resort to equity, the court, speaking through Mr. Justice Travieso, said:

"In accordance with the foregoing authorities, the extraordinary jurisdiction of the District Court of San Juan as a court of equity, might perhaps have been invoked for the purpose of enjoining the collection of the tax in the instant case, on the ground of the inadequacy of the remedy available to the plaintiff under section 32a

of the act creating the Government of the Capital. But such equitable remedy could not prosper if, besides the remedy of paying under protest, there should be another adequate remedy at law to secure the annulment and review of the ordinance.

"The difficulty in the case at bar lies in the fact that the plaintiff has not resorted to the district court requesting that the latter should protect it as a court of equity, by means of an injunction, against the enforcement of an ordinance which it considers as illegal, but it has called for the intervention of the court in order that the latter should grant to it a statutory remedy at law, a certiorari, which the court may grant or refuse in its discretion, and only in such cases as are specifically provided for in the statute.

"In all the decisions which we have cited above, the plaintiff resorted to an injunction.

"&ast;     &ast;     &ast;     &ast;     &ast;     &ast;     &ast;

"The petition for certiorari in the instant case sets forth as a ground for the relief sought that the Treasurer of the Capital has demanded payment of the excise tax and has committed acts and taken steps tending to collect the amount thereof; and that the petitioner has no adequate remedy in the ordinary course of law to enjoin the collection of the excise tax.

"We are not convinced by the arguments adduced by the appellant to support its contention that for want of an adequate remedy at law, it is compelled to resort to certiorari as the only remedy that can protect it against the collection of the excise tax on the pumps for the sale of gasoline."

In the case of *West India Oil Co. (P. R.)* v. *Benítez, City Mgr., ante,* p. 266, decided today, this court, through Mr. Justice Córdova Dávila, cited the *Texas Co.* case, *supra,* further examining the decisions on this question, and said:

"In the instant case it is not necessary to decide definitely the question raised, even though it appears to be very well argued by the courts that maintain that the remedy is not adequate and that the injunction lies when no interests are allowed. We say that it is not necessary to decide definitely this question, because plaintiff has not placed itself within the principles of equity to request the writ of injunction. When it pays or offers to pay what it owes for the gasoline pumps in its possession according to the allegations of the complaint, then the question whether or not it is in a position to request judicial intervention by an equitable proceeding will be discussed.

He who seeks equity must do equity. This is the rule applied by the courts to a case of this nature."

As may be seen, although this court has intimated its opinion, it has not definitely decided the question. And as a matter of real importance is involved which must be considered and determined as soon as possible, we think we must exercise our discretion in the sense of permitting the brief which was not timely filed to remain in the record and the appeal to be further prosecuted in accordance with the law, and consequently the motion to dismiss the appeal must be denied.